**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MAURICE C. DUNCAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-2339 |
| | § | |
| DEVON ENERGY CORP., *et al.*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This is a personal-injury case arising from a fall on an offshore oil rig. The unusual feature of this case is that the person who fell is not the plaintiff. Instead, the person who fell landed on the plaintiff, Maurice Duncan, while both were working on an offshore oil rig owned and operated by Devon Energy Corp. The plaintiff alleged that the fall occurred because construction scaffolding Dynamic Industries, Inc. erected on the rig was defectively set up. Duncan asserted a claim for "negligence, [and] any other applicable law, including the law of the state of Alabama." (Docket Entry No. 1, Ex. A, Plaintiff's Original Petition, ¶ 7). He sought actual and exemplary damages. (*Id.* at 4).

Duncan sued Devon Energy Corp., Devon Energy Production Co., and Dynamic in Texas state court. (Docket Entry No. 1, Ex. A, Plaintiff's Original Petition). The defendants timely removed based on the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b)(1), which provides federal jurisdiction over cases arising from work on offshore oil-drilling rigs. The Devon parties were voluntarily dismissed. Dynamic, the remaining party, has moved for summary

judgment.  (Docket Entry No. 28).  Duncan responded, (Docket Entry No. 34); Dynamic replied, (Docket Entry No. 35); and Duncan filed a surreply, (Docket Entry No. 36).

Based on the pleadings; the motion, responses, reply, and surreply; the summary-judgment evidence; and the applicable law, this court denies Dynamic's summary-judgment motion.  For the reasons explained below, this court concludes that because the record reveals factual disputes material to determining whether Dynamic's scaffolding was unreasonably unsafe, whether the scaffolding proximately caused Duncan's injury, and whether Duncan was contributorily negligent, Dynamic's summary judgment motion should be denied.

## I.     Background

Duncan was an employee of Danos & Curole Marine Contractors.  On June 27, 2009, he was working on a lower level of the scaffolding on the offshore rig.  David Lacey, a coworker, was working on the scaffolding one level above Duncan.  (Docket Entry No. 28, Ex. B, Duncan Dep., at 6, 77–78, 81, 89, 146, 148–49, 155).  Lacey was tightening a bolt with a wrench when the wrench slipped.  The force of his effort to tighten the bolt launched him over the railing.  He landed on top of Duncan, who had been squatting to tighten a bolt.  (Docket Entry No. 34, Ex. 2, Lacey Dep., at 57–58).  Neither Duncan nor anyone else saw Lacey fall.  (Docket Entry No. 28, Ex. B, at 150, 152–53).

Dynamic moved for summary judgment on the basis that Duncan offered no evidence that could show Dynamic had been negligent; that its scaffolding complied with the Occupational Safety and Health Administration ("OSHA") scaffolding-railing standard; that Duncan was contributorily negligent; and that Duncan is unable to recover exemplary damages.  For the reasons stated below, this court concludes that because the record reveals factual disputes material to determining whether

the scaffolding was unreasonably unsafe, whether the scaffolding proximately caused Duncan's injury, and whether Duncan was contributorily negligent, Dynamic's summary-judgment motion should be denied.

## II.    The Applicable Legal Standards

### A.    Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).  Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  If the burden of proof at trial lies with the nonmoving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 322–23.  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 535 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted).  If the moving party fails to meet its initial burden,

the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995). The nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Rule 56, however, "mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B.    Alabama Negligence Law

Duncan was injured on an oil rig permanently attached to the seabed off the Alabama shore. The parties agree that no independent federal maritime law applies, and that Alabama law is not inconsistent with federal law. It is undisputed that Alabama state law is surrogate federal law under § 1333 of the OCSLA. (*See* Docket Entry No. 28, at 4–8; Docket Entry No. 34, at 2, 6).

Under Alabama law, negligence is "the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances." *Ford Motor Co. v.*

*Burdeshaw*, 661 So. 2d 236, 238 (Ala. 1995) (citing *Elba Wood Prods., Inc. v. Brackin*, 356 So. 2d 119, 122 (Ala. 1978)); *accord Thomas v. Jim Walter Homes, Inc.*, 918 F. Supp.1498, 1502–03 (M.D. Ala. 1996).   A plaintiff must establish four elements for a negligence claim: "(1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or an injury; and (4) that the defendant's negligence was the actual and proximate cause of that loss or injury." *Ford*, 661 So. 2d at 238 (citing *Lollar v. Poe*, 622 So. 2d 902, 905 (Ala. 1993)); *accord Thomas*, 918 F. Supp. at 1503.

Alabama follows the doctrine of pure contributory negligence.  *See, e.g.*, *Serio v. Merrell, Inc.*, 941 So. 2d 960, 964 (Ala. 2006).  A plaintiff may be completely barred from recovery if his injuries are a proximate result of his own contributory negligence.  *See id.*  "While the question of contributory negligence is normally one for the jury, if the facts are such that all reasonable people would logically have to reach the conclusion that the plaintiff was contributorily negligent, then contributory negligence may be found as a matter of law."  *Id.*; *see also Lafarge N. Am., Inc. v. Nord*, 86 So. 3d 326, 336 (Ala. 2011).

## III.    Analysis

Duncan argues that Dynamic caused his injuries because its unreasonably unsafe scaffolding allowed Lacey to fall.  (Docket Entry No. 34, ¶ 22).  Dynamic argues:

> Lacey's own negligence or mistake, unmixed with any act or omission of Defendant, caused Lacey to lose his balance when his wrench broke free.  He clearly exerted too much force . . . without adequately bracing himself. . . .  The resulting loss of balance and concomitant forward momentum propelled Lacey off the scaffold.  His negligence caused him to tumble over the side of an otherwise properly constructed scaffold, with a top rail which was unequivocally positioned at or above the legal minimum.

5

(Docket Entry No. 35, at 7).  Dynamic also argues that Duncan's own negligence contributed to his injury because of where he was standing.  (Docket Entry No. 28, at 13–15).

For the purpose of the summary-judgment motion, Dynamic assumes that it owed Duncan a duty of care because it erected the scaffolding.  Dynamic argues that no evidence Duncan has identified or submitted shows a breach of that duty.  (*Id.* at 12).  Dynamic asserts that in his deposition, Duncan could not himself identify anything amiss about the scaffold or "anything Dynamic did or failed to do to cause his accident."  (*Id.* (citing Docket Entry No. 28, Ex. B, at 175–77, 240, 260)).  Dynamic also emphasizes that its scaffolding complied with the relevant Occupational Safety and Health Administration ("OSHA") scaffolding-railing standard.  That guideline requires two strands of handrails, with the top one between 38" and 45" above the platform surface.  Dynamic argues that its railing was within that range because Lacey testified that he is 5'5" and was wearing steel-toed boots, and the scaffolding's uppermost railing came to his waist.  Dynamic argues that because it complied with OSHA minimum requirements, it satisfied any duty it owed Duncan, as a matter of law.  (Docket Entry No. 35, at 3–4 (citing 29 C.F.R. § 1926.451(g)(4)(ii); Docket Entry No. 35, Ex. 1, Lacey Dep., at 51, 61, 74, 92)).

Duncan responds by pointing out that Lacey, the person who fell over the handrail, stated that the scaffolding was unreasonably unsafe and contributed to his fall.  Lacey testified to the effect that he would not have fallen if Dynamic had installed a shoulder-high railing on the scaffolding.  Lacey also testified that he would not have fallen if the scaffolding had been equipped with toe boards similar to ones he had seen on scaffolding on other rigs.  (Docket Entry No. 34, Ex. 2, at 61, 70–71).

Duncan's testimony that he had not seen a specific defect in the scaffolding that contributed to causing Lacey to fall does not entitle Dynamic to summary judgment. Duncan testified that he thought the scaffolding was safe and would presumably prevent falls. "The scaffold had a green safety tag affixed to it which told the riggers the scaffold had been inspected [by Dynamic] and was safe." (Docket Entry No. 34, Ex. 3, Duncan Aff., ¶ 3). But Duncan has no expertise in scaffolding and he was not the one who fell. Lacey testified that the low height of the top rail allowed him to fall over it. He also testified about specific features that would have prevented his fall.

Dynamic's answer that its scaffolding complied with OSHA railing-height minimum requirements and therefore could not have been negligently built does not entitle it to judgment as a matter of law, even assuming that the relevant OSHA requirements were met. "Compliance with OSHA standards . . . has been held not to be a defense to state tort or criminal liability." *Int'l Union, UAW v. Johnson Controls, Inc.*, 499 U.S. 187, 214 (1991) (citing *Nat'l Solid Wastes Mgmt. Ass'n v. Killian*, 918 F.2d 671, 680, n.9 (7th Cir. 1990) (collecting cases)). Dynamic cites no authority to support its argument that OSHA compliance establishes nonnegligence as a matter of law in Alabama. Moreover, the OSHA standard Dynamic relies on provides that "[w]hen conditions warrant, the height of the top edge may exceed the 45-inch height." 29 C.F.R. § 1926.451(g)(4)(ii). And Dynamic's railing-compliance argument does not address Lacey's contention that the toe-board placement also contributed to his fall.

Dynamic's second summary-judgment argument tries to negate the causation element of Duncan's negligence action by asserting contributory negligence as a defense. Under Alabama law, contributory negligence is a strict bar to recovery. But under Alabama law, contributory negligence is almost always a jury question. Summary judgment based on contributory negligence requires the

movant to show that the plaintiff appreciated a risk but nonetheless consciously put himself in harm's way.  Mere heedlessness or carelessness is insufficient.  *Jackson v. Stauffer Chem. Co.*, 896 F.2d 915, 917 (5th Cir. 1990) (quoting *Cent. Ala. Elec. Co-op. v. Tapley*, 546 So. 2d 371, 381 (Ala. 1989)); *accord Lafarge*, 86 So. 3d at 335–36.

Based on the present record, summary judgment is inappropriate.  Dynamic asserts that Duncan was standing in an unsafe position below Lacey, violating the tenet that on a rig, one person should not work directly below another.  Dynamic admits that no one witnessed Lacey fall.  (Docket Entry No. 28, at 10 n.7).  Lacey testified that Duncan was not standing in an unsafe place directly below Lacey.  Instead, Lacey was working inside the scaffolding and Duncan was working a level below but outside the scaffolding.  (Docket Entry No. 34, Ex. 2, at 60).  Lacey fell on Duncan because his inertia caused him to fall somewhat laterally.  Lacey testified at his deposition that Duncan was injured not because he was standing unsafely underneath, but rather below to the side and that "he was where he was supposed to have been."  (*Id.* at 73).  Based on the present record, this court cannot say, as a matter of law, that Duncan consciously put himself in a position to be harmed by a risk he knew.  *See Jackson*, 896 F.2d at 917; *Lafarge*, 86 So. 3d at 336.

Dynamic also sought summary judgment that Duncan cannot recover exemplary damages for negligence.  (Docket Entry No. 28, at 12).  Dynamic states that "Alabama recently held that '[p]unitive damages cannot be awarded on a negligence claim.'"  (*Id.* (quoting *Lafarge*, 86 So. 3d at 335)).  Duncan responds that the theory he pleaded is not determinative.  Instead, he contends, "Alabama plaintiffs are entitled to exemplary (punitive) damages in negligence cases where the defendant's actions are reckless and/or wanton."  (Docket Entry No. 34, ¶ 21 (citing *Niezer v. Southtrust Bank*, 887 So. 2d 919, 921 (Ala. Civ. App. 2004))).

8

Under Alabama law, exemplary damages are not recoverable for negligence but are recoverable only for wanton conduct. *See Lafarge*, 86 So. 3d at 335 ("Punitive damages cannot be awarded on a negligence claim; thus, the punitive damages must have been awarded on Nord's wantonness claim."). To the extent Dynamic argues that Duncan cannot recover exemplary damages because it was not negligent, summary judgment is not warranted. In Alabama, wantonness is "the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Id.* at 333 (quoting *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007)). Based on the factual disputes described above, the present summary-judgment record is insufficient to show that, as a matter of law, Dynamic lacked this degree of culpability in erecting scaffolding that was allegedly unsafe in the ways Duncan alleged.

## IV.    Conclusion

Dynamic's motion for summary judgment, (Docket Entry No. 28), is denied.

SIGNED on October 22, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

9